HUMPHREY & MACGREGOR ET AL. v. UNITED STATES

No. 4887.—Invoices dated Yokohama, Japan, September 25, 1937, Tokyo, Japan, December 8, 1937.
Certified September 27, December 9, 1937.
Entered at Tampa, Fla., October 27, 1937, February 10, 1938.
Entry Nos. 322, 617.

(Decided April 24, 1940)

Plaintiffs not represented by counsel.
*Webster J. Oliver*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

KINCHELOE, Judge: These two appeals to reappraisement, both of which were consolidated for the purposes of trial by consent of the parties, involve the determination of the proper dutiable value of certain diving suits imported from Japan.

The sole question before me is whether a certain 2 per centum cash discount, which was deducted from the invoice price upon entry by the plaintiffs, and which was added back by the appraiser, is an item that is properly deductible in finding the correct dutiable value of the instant merchandise.

The importer of the diving suits covered by the appeals in question merely testified that he has been importing such merchandise for the past 5 years, at the rate of four or five importations each year; and that, except in the instant case, he has always been allowed the 2 per centum cash discount. Said witness further stated that the said cash discount appeared on his private invoice although it was not shown on the consular invoice.

In order to prevail herein, it was incumbent upon the plaintiffs to show, by competent evidence, that the item of cash discount in question was freely offered to all purchasers of such or similar merchandise in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of trade. Having failed to do so, plaintiffs have not overcome the presumption of correctness attaching to the value found by the appraiser.

I therefore find, on the basis of the record before me, that the proper dutiable value of the diving suits covered by the instant appeals is the appraised value, and judgment will be rendered accordingly.

The motion of counsel for defendant to dismiss the appeals to reappraisement is accordingly denied, and an exception to said ruling is allowed said counsel.